**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jamond A. Toles, | ) | No. CV 10-2186-PHX-RCB (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Vincent Cole, et al., | ) | |
| Defendants. | ) | |

On October 13, 2010, Plaintiff Jamond A. Toles, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a deficient Application to Proceed *In Forma Pauperis*. In an October 18, 2010 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On October 22, 2010, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. 6). The Court will grant the second Application to Proceed and will dismiss this action.

**I.     Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $15.33. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each

1  time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will
2  enter a separate Order requiring the appropriate government agency to collect and forward
3  the fees according to the statutory formula.

4  **II.      Statutory Screening of Prisoner Complaints**

5  The Court is required to screen complaints brought by prisoners seeking relief against
6  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
7  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
8  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
9  be granted, or that seek monetary relief from a defendant who is immune from such relief.
10 28 U.S.C. § 1915A(b)(1), (2).

11 A pleading must contain a "short and plain statement of the claim *showing* that the
12 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
13 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
14 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
15 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
16 statements, do not suffice." Id.

17 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
18 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
19 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
20 that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
22 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
23 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
24 allegations may be consistent with a constitutional claim, a court must assess whether there
25 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

26 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
27 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL
28 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be

- 2 -

1  held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting
2  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

3      If the Court determines that a pleading could be cured by the allegation of other facts,
4  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
5  action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
6  should not, however, advise the litigant how to cure the defects. This type of advice "would
7  undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
8  231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
9  required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
10 failure to state a claim, without leave to amend because the defects cannot be corrected.

11 **III.   Complaint**

12     In his three-count Complaint, Plaintiff sues the following Defendants: Phoenix City
13 Police Officer Vincent Cole, the Phoenix Police Department, Phoenix Mayor Phil Gordon,
14 and Arizona Governor Jan Brewer.

15     In Count One, Plaintiff alleges a violation of the Eighth Amendment prohibition
16 against cruel and unusual punishment because, after Defendant Cole read Plaintiff his
17 Miranda rights, Defendant Cole stated: "I should pull out my gun and shoot . . . , because
18 your [sic] not being cooperative with me." Plaintiff contends that he felt that his safety was
19 in jeopardy and that the "stress of [Defendant Cole's] t[h]reats" and the fact that Plaintiff was
20 being "falsely accused" had a "deciding factor on words said in that small padded
21 inter[ro]gation room."

22     In Count Two, Plaintiff asserts a violation of article II, section 2 of the Arizona
23 Constitution based on the conduct described in Count One. In Count Three, Plaintiff alleges
24 a violation of article II, section 4 of the Arizona Constitution because "innocent until proven
25 guilty is not the way [he] is being treated" and because he is being held in jail, which is
26 depriving him of life, liberty to choose and obtain adequate counsel, and an ability to work.

27     In his Request for Relief, Plaintiff seeks monetary damages, dismissal of his criminal
28 case, and for the Phoenix Police Department to be "reprimanded."

1 **IV.   Failure to State a Claim**

2     **A.   Defendants Phoenix Police Department, Gordon, and Brewer**

3     To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

    Plaintiff has not made any allegations against Defendants Phoenix Police Department, Gordon, or Brewer. Therefore, the Court will dismiss these Defendants.

    **B.   Count One**

    Plaintiff's allegation that Defendant Cole threatened him is insufficient to state a constitutional violation. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (defendants' threats of bodily harm to convince plaintiff not to pursue legal redress were insufficient to state a claim under § 1983; "it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong"); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) ("'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983'" (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979))). Thus, the Court will dismiss Count One.

    **C.   Counts Two and Three**

    Section 1983 does not provide a cause of action for violations of state law or state constitutional rights. Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981). In order to state a claim under § 1983, Plaintiff must allege a cognizable **federal** constitutional claim. In

Counts Two and Three, Plaintiff has only asserted claims under the Arizona Constitution. This is insufficient and, therefore, the Court will dismiss Counts Two and Three.

### D.     Abstention—Injunctive Relief

The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). Special circumstances occur "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) (quoting Perez v. Ledesma, 401 U.S. 82, 85 (1971)). Plaintiff has made, at best, insufficient conclusory statements regarding special circumstances, and there is no irreparable harm. Thus, the Court will dismiss Plaintiff's claims to the extent he is seeking dismissal of his criminal case.

**IT IS ORDERED:**

(1)     Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $15.33.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

(5)   The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 28th day of October, 2010.

_____
Robert C. Broomfield
Senior United States District Judge